UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GREGORY SWAFFORD

CIVIL ACTION NO.

VERSUS

18-789-JWD-EWD

EXPERIAN INFORMATION
SOLUTIONS, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GREGORY SWAFFORD

CIVIL ACTION NO.

VERSUS

18-789-JWD-EWD

EXPERIAN INFORMATION
SOLUTIONS, INC., ET AL.

### RECOMMENDATION TO DISMISS WITHOUT PRJUDICE

For the reasons set forth herein, the undersigned recommends that the Plaintiff's claims against Equifax Information Services, Inc. ("Equifax") and LexisNexis Risk Solutions, Inc. ("LexisNexis") only be dismissed pursuant to Local Rule of the United States District Court for the Middle District of Louisiana ("Local Civil Rule") 41(b)(1)(A) and/or Local Civil Rule 41(b)(1)(B).

The undersigned further recommends that the Order of Dismissal provide, pursuant to Local Civil Rule 41(b)(3), that reinstatement of Plaintiff's claims against Equifax and LexisNexis within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

### I.      Background

On December 4, 2018, Plaintiff filed a First Amending and Supplemental Complaint naming Equifax and LexisNexis as additional defendants.[1]  Although Summonses were issued as to Equifax and LexisNexis on February 4, 2019,[2] no service information is in the record for Equifax and LexisNexis, and neither Equifax nor LexisNexis has made an appearance.  Accordingly, on July 8, 2019, the undersigned set a hearing for July 24, 2019 requiring Plaintiff to appear in person and show cause as to why Plaintiff's claims against Equifax and LexisNexis should not be

---

[1] R. Doc. 16.

[2] R. Doc. 23.

dismissed under FRCP 4(m) and/or Local Civil Rule 41(b)(1)(A) or (B).[3]  The Order setting the

show cause hearing was provided to Plaintiff electronically.[4]  Plaintiff did not appear at the July

24, 2019 hearing, and has not filed any response to the July 8, 2019 show cause order.

## II.    Analysis

A district court may dismiss an action for failure to prosecute with or without notice to the

parties, incident to its inherent powers.[5]  Pursuant to FRCP 4(c)(1), "The plaintiff is responsible

for having the summons and complaint served within the time allowed by Rule 4(m) and must

furnish the necessary copies to the person who makes service."  FRCP 4(m) provides:

> If a defendant is not served within 90 days after the complaint is
> filed, the court--on motion or on its own after notice to the plaintiff-
> -must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time.  But if the
> plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

Pursuant to this Court's Local Civil Rules, a civil action may be dismissed for lack of prosecution

"[w]here no service of process has been made within 120 days after filing of the complaint"[6] or

"[w]here no responsive pleadings have been filed and no default has been entered within 60 days

after service of process…."[7]  The rule additionally provides, in part, that "[p]rior to issuance of a

dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days

from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act.

If no response is received within the allotted time, the Court may dismiss the civil action."[8]

---

[3] R. Doc. 28.

[4] *See*, R. Doc. 12 (Motion by Pro Se Litigant to Participate in Electronic Filing); R. Doc. 14 (Order granting Motion to Participate in Electronic Filing).

[5] *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982).

[6] Local Civil Rule 41(b)(1)(A).

[7] Local Civil Rule 41(b)(1)(B).

[8] Local Civil Rule 41(b)(2).

Dismissal pursuant to the rule is required to be without prejudice, and the Order of Dismissal must "allow for reinstatement of the action within thirty days for good cause shown."[9]

Plaintiff filed a First Amending and Supplemental Complaint naming Equifax and LexisNexis as additional defendants on December 4, 2018.[10]  Although Summonses were issued as to Equifax and LexisNexis on February 4, 2019,[11] no service information is in the record for Equifax and LexisNexis, neither Equifax nor LexisNexis has made an appearance, and no default has been entered against either Equifax or LexisNexis.  Over 230 days have elapsed since the filing of the First Amending and Supplemental Complaint.  On July 8, 2019, Plaintiff was ordered to show cause why his claims against Equifax and LexisNexis should not be dismissed under FRCP 4(m) and/or Local Civil Rule 41(b)(1)(A) or (B),[12] and Plaintiff failed to appear at the July 24, 2019 hearing.

In light of Plaintiff's failure to file any service information regarding Equifax and LexisNexis into the record, the fact that neither Equifax nor LexisNexis has made an appearance in this suit and no default has been entered against either Equifax or LexisNexis, and Plaintiff's failure to appear at the show cause hearing or provide a show cause response, the undersigned **RECOMMENDS** that the Plaintiff's claims against Equifax Information Services, Inc. and LexisNexis Risk Solutions, Inc. only be dismissed for failure to prosecute pursuant to Local Civil Rule 41(b).

The undersigned further **RECOMMENDS** that the Order of Dismissal provide, pursuant to Local Civil Rule 41(b)(3), that reinstatement of Plaintiff's claims against Equifax Information

---

[9] Local Civil Rule 41(b)(3).

[10] R. Doc. 16.

[11] R. Doc. 23.

[12] R. Doc. 28.

Services, Inc. and LexisNexis Risk Solutions, Inc. within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

Signed in Baton Rouge, Louisiana, on July 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**